UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PRINCE TRE'QUAN RIDDLE-ALI,<br><br>Plaintiff,<br><br>v.<br><br>BELCALIS MARLENIS ALMANZA,<br><br>Defendant. | Case No. 2:24-cv-01111-RFB-DJA<br><br>**SCREENING ORDER FOR COMPLAINT**<br><br>[ECF No. 1-1] |

## I.      INTRODUCTION

Plaintiff Prince Tre'Quan Riddle-Ali ("Plaintiff"), who is incarcerated in the custody of the Michigan Department of Corrections ("MDOC"), has submitted a complaint ("Complaint") under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. Because Plaintiff is unable to pay the full filing fee, the Court grants his application to proceed *in forma pauperis*. The Court now screens Plaintiff's Complaint under 28 U.S.C. § 1915A.

## II.     SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of Am., 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it the plaintiff clearly cannot prove any set of facts in support of the claim that would entitle him or her to relief. Id. at 723–24. In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id.

Additionally, a reviewing court should "begin by identifying [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. "Determining whether a complaint states a plausible claim

1  for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable—like claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist—as well as claims based on fanciful factual allegations like fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989).

### III.    SCREENING OF COMPLAINT

In his Complaint, Plaintiff sues Defendant Belcalis Marlenis Almanza ("Cardi B"), a resident of Las Vegas, Nevada, who is one of the most prominent hip-hop and rap artists in the United States. He raises several claims against Cardi B and seeks declaratory and injunctive relief.

Plaintiff alleges the following facts in the Complaint. According to Plaintiff, Cardi B misrepresents his culture by using offensive language and racial slurs in her music. Plaintiff states that he belongs to the Almighty Vice Lord Nation, while Cardi B is a member of the Righteous United Blood Nation. These two organizations "do not tolerate rats, snitches, [and] informants" providing information to the government. Cardi B, however, performed music with artist Megan Thee Stallion, despite Megan Thee Stallion providing information to the police that ultimately led to the conviction of another artist. The remainder of the Complaint continues these allegations, alleging Cardi B should not have been involved with various artists who violated Plaintiff's commitment not to work with government informants.

Based on these allegations the Court dismisses the Complaint with prejudice, as amendment would be futile. First, a civil rights action under § 1983 requires the conduct of a person acting under color of state law. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). But Cardi B, the only Defendant in this matter, is a private citizen who is not subject to liability under § 1983 because she is not a state actor. Therefore, the Court dismisses the Complaint with prejudice, as amendment would be futile, and orders that the Clerk of the Court close this case and enter judgment. See Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (stating that a district

court is not required to provide leave to amend a complaint if the complaint could not possibly be cured by the allegation of other facts).

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* without having to prepay the filing fee (ECF No. 5) is **GRANTED**. Plaintiff shall not pay an initial installment fee, prepay fees or costs, or provide security for fees or cost, but he is still required to pay the full $350 filing fee under 28 U.S.C. § 1915.

In order to ensure that Plaintiff pays the full filing fee, **IT IS FURTHER ORDERED** that the MDOC will forward payments from the account of **Prince Tre'Quan Riddle-Ali, #811130** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk is directed to **SEND** copies of this order to the Finance Division of the Clerk's Office <u>and</u> to the attention of **Chief of Inmate Services for the MDOC,** at Baraga Correctional Center, 13924 Wadaga Road, Baraga, MI 49908-9204.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (ECF No. 1-1) and send Plaintiff a courtesy copy.

**IT IS FURTHER ORDERED** that the entire Complaint (ECF No. 1-1) is **DISMISSED** with prejudice, as amendment would be futile, for failing to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment and close this case. No other documents may be filed in this now-closed case.

///
///
///
///
///
///

**IT IS FURTHER ORDERED** that the Court certifies that any *in forma pauperis* appeal

from this order would **not** be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

**DATED:** August 22, 2025

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**